WATERS (MOORE v.). See Case No. 9,780.

## Case No. 17,267.

### WATERS v. MUTUAL LIFE INS. CO.

[2 N. J. Law J. 81; 7 Reporter. 456; 8 Ins. Law J. 336.] [1]

Circuit Court, D. New Jersey. Feb. 8, 1879.

NEW TRIAL—WEIGHT OF EVIDENCE.

A mere difference of opinion as to the weight and effect of the evidence is not sufficient to justify the court in setting aside a verdict.

On motion for new trial.

C. Parker, for the motion.

E. C. Harris and T. N. McCarter, contra.

McKENNAN, Circuit Judge. If the court had been called upon to determine this case without the intervention of a jury, its finding upon the evidence submitted would not have been concurrent with that of the jury. But that is not enough to make it the duty of the court to set aside the verdict. In other words, a mere difference of opinion as to the weight and effect of the evidence is not sufficient to justify the court in thus interfering with the verdict. Every intendment must be made in its favor as the decision of a tribunal upon which the law devolves the special responsibility of determining the credibility of witnesses and the import of evidence in its tendency to establish or disprove any fact which it is the duty of a jury to find. Hence a verdict will not be disturbed unless it is plainly unwarranted by the evidence of which it purports to be the result, by any favorable construction of it.

I cannot affirm that there was such a degree of insufficiency of the evidence in this case; nor have I time to state in detail the reasons for this conclusion. There was evidence to show that the assured was a man of exceptional temperament and eccentric character. He frequently fell into moods, which were not induced by any apparently adequate or rational cause, when he lost his self-control. and was altogether unlike his former self, and from which he sought relief in attempts upon his life. These attempts were made under circumstances which indicated some form of mental disturbance involving incapacity of self-control. because he was no sooner confronted with the imminent consequences of his own act than he manifested an earnest desire to be saved from them. and willingly submitted to the employment of the necessary means to that end. Is it an unanswerable hypothesis, then, that on such occasions his will was dethroned, and that he acted under an impulse which he. at the time, was unable to resist? His business life was a failure. and in this was exemplified his peculiar. unpractical character. At last he embarked in an enterprise from which he expect-

[1] [7 Reporter, 456, and 8 Ins. Law J. 336, contain only partial reports.]

ed most favorable results. indeed upon which he seems to have staked his final hope of changing his condition and of acquiring the fortune which had so long eluded his pursuit. This hope was suddenly blasted, and, on the same evening when this disappointment occurred, he had an angry altercation with his wife and son. During the same night he committed suicide. May not these circumstances have produced a recurrence of the irrational mood if which his previous conduct had shown him to be so susceptible, and have left him with a subverted will, powerless to resist an impulse to do what, in the last letter written by him, he said he "hated and despised?" I cannot say that such an inference is unwarrantable, although it is the result of an interpretation of the evidence most favorable to the verdict. But I am bound to adopt it, and hence the motion for a new trial must be denied, and judgment upon the verdict ordered to be entered.

WATERS (PELTON v.). See Case No. 10,-913.

WATERS (STANBACK v.). See Case No. 13,284.

WATERS (STODDERT v.). See Case No. 13,472.

WATERS (WRIGHT v.). See Case No. 18,-100.

WATERSON (SOHN v.). See Case No. 13,-161.

WATERTOWN (PERELES v.). See Case No. 10,980.